UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND et al.<br><br>     Plaintiffs,<br><br>v.<br><br>TINA M. HUFKER and MARK EDLIN, individually and d/b/a T&M CONSTRUCTION,<br><br>     Defendants. | Case No. 4:21-cv-01452-SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Amended Motion for Default Judgment. Doc. 14. For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

On December 10, 2021, Plaintiffs filed their Complaint, which brings one count for breach of a collective bargaining agreement. Doc. 1. The Complaint alleges that Defendants are signatories to the Collective Bargaining Agreement (CBA) with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local 577. Doc. 1 ¶ 6, 11. Under the CBA, Defendants were bound to the Trust Agreements, which governed Local 557's Trust Funds. *Id.* ¶ 12. The Trustees of the Trust Funds adopted a Collection Policy that authorized the Trustees to conduct audits. *Id.* ¶ 13. Pursuant to the Employee Retirement Income Security Act (ERISA), the Trust Agreements, and the Collection policy, the Trustees would assess a one-time charge of ten percent against employers who failed to submit their monthly contribution reports and contributions to the Trustees by the fifteenth of the month following the month in which the work was performed. Doc. 1 ¶ 14. On request, employers were also required to furnish the Trustees with payroll records and data in order for the Trustees to conduct a payroll audit. *Id.* ¶ 15. Plaintiffs requested to schedule a payroll compliance audit with Defendants for the period

1

of June 1, 2021, to the time of filing. *Id.* ¶ 17. Defendants failed to comply with the audit request. *Id.* ¶ 18.

Plaintiffs' Complaint requested relief in the form of an order compelling Defendants to produce "all records necessary for the auditors to complete a payroll compliance audit for the period of June 1, 2021, through the date [Defendants] submit to the audit." *Id.* ¶ A. Plaintiffs also requested damages for the following amounts:

> . . . an unknown amount for any and all contributions and union dues revealed in the payroll compliance audit, along with resulting liquidated damages and interest;
>
> . . . an unknown amount for any and all audit fees associated with the payroll compliance audit . . . ;
>
> . . . any other contributions, union dues, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced . . . above;
>
> . . . reasonable attorney's fees and costs incurred by the Plaintiffs . . . ;

*Id.* ¶¶ B-E.

Defendants were served with a summons and copy of the Complaint on December 22, 2021, and ordered to file a responsive pleading within 21 days of service. Doc. 10 ¶¶ 3-5; Docs. 6, 7. Defendants did not respond in any manner. On February 2, 2022, the Court ordered Plaintiffs to file motions for entry of default and default judgment or dismiss their case. Doc. 8. On February 14th, Plaintiffs filed a Motion for Entry of Clerk's Default, Doc. 9, which was granted on February 17th. Doc. 11. On February 16th, Plaintiffs filed a Motion for Default Judgment, Doc. 10. That motion was for only partial default judgment and not final judgment, because it sought an audit to determine additional amounts due and did not contain a damages calculation; thus, it did not seek a judgment that adjudicated all of the rights and liabilities of all parties.[1]

Plaintiff's filed this Amended Motion for Default Judgment on May 20, 2022. Doc. 14. The Motion represents that Plaintiffs completed their audit of Defendants' payroll records on April 1st. *Id.* ¶ 10. The audit revealed that, between June 1, 2021, and September 30, 2021, Defendants failed to remit $7,125.04 in required contributions to the

---

[1] Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

2

trust funds.  *Id.* ¶ 11.  Based on the unpaid contributions, under the terms of the CBA, Defendants are also liable for $648.38 in interest and $712.50 in liquidated damages.  *Id.* ¶¶ 12, 13; *see also* 29 U.S.C. § 1132(g)(2).  Plaintiffs also request $9,049.65 in statutory attorneys' fees and costs.  *Id.* ¶ 13; Doc. 14-2 (Pl. Ex. 2); *see* 29 U.S.C. § 1132(g)(2)(D).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."  *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).  The liability of a defendant is established upon entry of default; thus, once default is entered, the plaintiff is not required to establish its right to recover.  *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).  The only remaining issue before a court upon default, then, is the amount of damages.

## DISCUSSION

In an action for delinquent fringe benefits under ERISA, a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages, attorneys' fees, and costs.  29 U.S.C. § 1132(g)(2).  The intent is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies.  *See Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 479 n.4 (8th Cir. 1988).  Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements."  *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019) (internal quotation marks omitted).  When a union pension plan seeks contributions pursuant to a collective bargaining agreement and default judgment is entered, "ERISA provides that the court must award:  (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs of the action."  *Serv. Employees Int'l Union Nat'l Indus. Pension Fund*, 2019 WL 1423686, at *6 (citations omitted).

Accepted as true, the allegations in the Complaint establish that Defendants have breached the terms of the CBA. *AbatePro, Inc.*, 2018 WL 5849980 at *1. And because Defendants are in default, they may not contest those facts. *Brown*, 477 F.2d at 531. The Court therefore finds that Plaintiffs are entitled to default judgment, and to the damages requested in paragraphs B and D of the Complaint, in the amounts stated in the instant Motion. *See* Doc. 1 at 5; Doc. 14 ¶¶ 11,12. Finally, having reviewed Plaintiffs' Affidavit of Attorneys' Fees and Costs, Doc. 14-2, the Court finds that Plaintiffs' requested attorneys' fees are fair and reasonable.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for Default Judgment, Doc. [14], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Tina M. Hufker and Mark Edlin are jointly and severally liable in the aggregate amount of $17,535.57, itemized as follows:

1. $7,125.04 in unpaid contributions;
2. $648.38 in interest;
3. $712.50 in liquidated damages;
4. $9,049.65 in attorneys' fees and costs.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. 10, is **DENIED** as moot.

Dated this 29th day of June, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE